Hon. Cecil Andrus Secretary of the Interior Department of the Interior Washington, D.C.
Dear Secretary Andrus:
By means of memoranda dated June 18, 1979 and December 10, 1979 addressed to me by Mr. Hamlet J. Barry, III, director of the Mined Land Reclamation Division of the State of Colorado Department of Natural Resources, my opinion was requested on a question pertaining to the State of Colorado program for the regulation of surface coal mining and reclamation operations.
QUESTION PRESENTED AND CONCLUSION
The question, set forth in C.F.R. 731.14(c), may be stated as follows:
Does the State of Colorado Department of Natural Resources possess, or will it possess upon the enactment of new laws and regulations which are in the process of enactment, the legal authority to implement, administer and enforce a state program for the regulation of coal exploration and surface coal mining and reclamation operations in accordance with the provisions of the Surface Mining Control and Reclamation Act of 1977, 30 U.S. Code 1201 et seq. ("SMCRA"), and consistent with the provisions of 30 C.F.R. chapter VII?
 My conclusion is "yes." It is my opinion, based upon attachments A, B-1, B-2, B-3 and C hereto, that the State of Colorado Department of Natural Resources has, or will have, when the regulations set forth in the attachments are adopted, the necessary legal authority to implement, administer and enforce a state program and to regulate coal exploration and surface coal mining and reclamation operations pursuant to such program in accordance with SMCRA and consistent with the applicable provisions of 30 C.F.R. chapter VII.
ANALYSIS
The State of Colorado has adopted a program for the regulation of coal exploration and surface coal mining and reclamation operations within its boundaries. The program consists in part of the Colorado Surface Coal Mining Reclamation Act (C.R.S. 1973,34-33-101 et seq., hereinafter "the State Act" or "S.A.") and in part of the regulations thereunder. While the regulations have not yet been adopted in final form they have been proposed, and rulemaking is now in process. It is reported to me that the Colorado Mined Land Reclamation Board will probably adopt these regulations in a final form in March or April, 1980.
Accompanying this letter as attachment A is a section by section comparison of the State Act and SMCRA. Accompanying this letter as attachments B-1, B-2 and B-3 is a section by section comparison of the Colorado proposed rules and regulations (hereinafter "state rules" or "S.R.") and the regulations found in 30 C.F.R. chapter VII. Attachment C hereto consists of draft amendments to the proposed state rules which I am informed will be recommended for final adoption by the Mined Land Reclamation Board in March or April, 1980. Each of these attachments includes an explanation of the differences between the federal and state laws and regulations. It is likely that, prior to final adoption of the state rules, additional revisions in such rules will be made. These will be consistent with the federal regulations and in accordance with SMCRA requirements, and will be furnished as a supplement to this opinion promptly after they become available.
My office has reviewed attachments A, B-1, B-2, B-3 and C and has analyzed the explanations of the differences between the corresponding provisions of the two acts and the two sets of regulations.
The legal effect of the differences between the state program and the federal is in some places to add stringency to the state program and in other places to make it more specific, to adapt it to local procedures or to conform the state program to local requirements. None of the differences renders the state program less rigorous than the federal in any substantial way. The differences may be appropriately classified as follows:
A. Differences Without Legal Effect
State rules and provisions of the State Act in this category are consistent with and in accordance with the federal regulations and SMCRA. In some instances the differences are matters of style. In others the state provisions simplify or amplify the corresponding federal provisions without legal effect upon the substantive requirements. These provisions include:
 1. Areas in which the federal regulations expressly allow the state regulatory authority to specify details of the program. Examples of this are the following sections in 30 C.F.R.: 762.12, 785.14, 805.11, 816.46(b)(2), 816.46(c), 816.65(f), 816.72, 816.73, 816.85(d), 816.95, 816.102(a), and 816.116. Examples of the corresponding proposed state rules are: 2.01.6, 2.02.3(2), 2.06.2(9), 2.07.2(4)(c), 4.05.18, 4.06.2(4)(a), 4.03.2(3)(c), and 7.04.
 2. Areas in which the changes are those of style, arrangement or format only, without substantive significance such as the following state rules: 2.01.3, 3.02.4(2)(a), 3.03.2(1), 5.04.3(4)(a), 5.04.4(4), and 7.05, the corresponding federal provisions, in order, being 30 C.F.R. 771.11, 806.12, 807.11(a), 845.18(d)(1), 845.20(c) and 762.11.
 3. Areas in which, although the corresponding federal provision does not expressly suggest that the state program add specificity, as in A.1 above, the state program was made more specific, such as the following:
S.A.
135(2)(a) 113(4)(5) 119(3) 119(6) 124(4) SMCRA
520(b)(1) 509(c) No comparable provision No comparable provision 525(d)
S.R.
2.02.2(3) 2.03.4(1)(c) 2.04.7(3) 2.04.10 2.04.9 2.08.6(3)(b) 3.02.2(1) 3.02.4(2)(b)(v) 3.02.4(2)(c) 4.05.6(4) 4.06.4(1),(2) 4.08.3(1)(b) 4.09.1(8) 4.15.5 4.15.8(7) 4.30.1(2)(a),(b),(c) 5.02.5(1)(b) 5.03.2(1)(b) 5.03.3(2) 5.03.2(7)(a) 5.03.7(3) 7.04(1) 7.06.2 30 C.F.R.
776.11(c) 778.13(a)(3) 779.17 779.19 779.21 788.18(b)(2) 805.11(a) 806.12(e)(6) 806.12(f) 816.46(c) 816.24(a),(b) 816.64(a)(2) 816.71(h);817.71(h) 816.115 816.111(b)(3) 816.131(b) 842.12(a) 843.11(a)(2) 843.13(a)(2) 843.15(g) 843.18(b) 760.4(b) 764.13(b)
 B. Procedural Differences With No Significant Substantive Impact
State rules and provisions of the State Act in this category are consistent with and in accordance with the federal regulations and SMCRA. The differences relate to procedural requirements, such as filing deadlines and the application of the Colorado Administrative Procedure Act (C.R.S. 1973, 24-4-101 etseq.) in lieu of the federal Administrative Procedure Act (5 U.S.C. § 501 et seq.). The substantive impact of the differences, if any, is insignificant, and the state rules are not less stringent than the federal requirements. The procedural differences between provisions in S.R. 5 and the corresponding federal rules are expressly authorized by sections 518(i) and 521(d) of SMCRA. Examples of the differences in this category are:
S.A.
123(8)(h) 135(2)(a) 109(7)(a)(I) 109(7)(d) 109(7)(f) 119(2) 124(1)(a) No comparable limitation 119(4) 126(3) SMCRA
518(d) 520(b)(1) 506(d)(1)(A) 506(d)(3) No provision 514(b) 525(a)(1) 520(b)(1)(B) 514(c) 522(d)
S.R.
2.01.2 2.01.1(2)(a) 2.10.2 2.02.4(1) 2.02.5(1),(2) 2.04.5(1) 2.06.6(2)(i) 2.06.8(3)(b) 2.08.5(2)(a) 3.03.2(2) 3.03.2(5) 4.05.13(1)(a) 4.05.13(2)(a) 4.08.4(4) 4.10.2(1) 4.20.4(4) 5.03.3(2)(b) 5.03.4(4),(5) 5.03.5(1)(a) 5.04.3(3) 5.04.5 7.06.4(7) 7.06.6(1) 7.07(3) 30 C.F.R.
771.21(a)(1) 771.21(b)(2) 771.23(e)(2) 776.13(a) 776.14(a),(b) 783.13(a) 785.17(b)(8) 785.19(c)(1) 788.14(a) 807.11(f)(1) 807.11(f)(2) 816.52(a)(1) 816.52(b)(1) 817.65(a) 816.82(a)(1);817.82(a)(1) 817.126(d) 843.12(c) 843.14 843.16 845.18(a) 845.13 764.15(c) 764.17(a) 764.19(b)
C. State Provisions More Stringent Than Federal
The state provisions in this category are more stringent than the corresponding federal provisions. These provisions are authorized by section 505 of SMCRA (30 U.S.C. § 1255).
S.R.
2.02.4(2)(b) 2.05.6(2)(b)(i) 2.07.6(2)(o) 3.05 4.05.4(4) 30C.F.R.
776.13(b)(2) 780.16(b)(1);784.21(b)(1) 786.19(o) no counterpart 816.44(d)
 D. Differences Due To Local Requirements or Local Environmental or Agricultural Conditions
The differences between these state and federal provisions are authorized by section 201(c)(9) of SMCRA (30 U.S.C. § 1211(c)(9)) and 30 C.F.R. 731.13. These provisions include:
 1. Areas in which the State Act and SMCRA differ, including the following:
S.A.
103(15) 111(1)(m)(III) 119(1) 135(2)(b) 135(3) 136 C.R.S. 1973,2-4-204 SMCRA
701(14) 508(a)(13)(C) 514(a) 520(b)(2) 520(c)(2) 717(a),(b) 707
 2. Differences between the state and federal regulations, including the following:
S.R.
1.04(15) 1.04(108) 2.05.3(4)(b) 2.04.7(3) 3.02.3(2) 3.02.4(2)(f) 4.05.6 4.05.9(1) 4.05.9(1)(d) 4.05.14 4.05.15 4.05.16(4) 4.03;4.03.1;4.03.2 4.03.1(1)(e) 4.03.1(3) 4.03.1(4)(d) 4.03.1(3)(d)(x) 4.03.2(1)(e) 4.03.2(3)(d)(x) 4.03.2(3)(d)(x) 4.06.2(2) 4.15.7-4.15.11 4.25.2(3) 4.26.2(2)(c) 30C.F.R.
701.5 701.5 780.25(b);784.16(b) 779.17;783.17 805.13(b) 806.11(c) 816.46(1) 816.49(a) 816.49(a)(4) 816.53 816.54;817.54 816.55(d) 816.150-816.176 816.150(c) 816.152(c)(2) 816.152(d)(10) 816.152(d)(14) 816.160(c) 816.162(c)(1),(2) 816.162(d)(13) 816.22(c) 816.116-816.117 823.11(c) 824.11(a)(6)
E. State Provisions Not Required
These are areas in which no comparable state provision is appropriate or in which a state provision is optional. Examples of regulations in this category are: 30 C.F.R. 771.13, 771.15, 771.17, 870-888 (subchapter R — Abandoned Mine Land Reclamation program). The Abandoned Mine program is not a required part of a state program, section 503 of SMCRA, and may be submitted for approval at a later date, section 405 of SMCRA. Also in this category is Subchapter M (relating to a blaster certification program, which is not required until 6 months after federal rules are promulgated). Examples of such SMCRA provisions are: 101, 201(c)(8)-(12), 401-413, 501, 510(b)(5)(B), 521(a)(1), 521(b), 521(d), 522(a)(1), title VI, 701(3), 703, 708, 709, 710, 715, 716 and 718.
F. More Information Required by State Provisions
This category includes state provisions requiring the submission of information by operators in addition to that required by the corresponding federal provisions. Their legal effect is to enable the state regulatory authority to administer the state program in a more effective manner by permitting it to make more informed decisions.
S.A.
110(2)(p) SMCRA
507(b)(15)
S.R.
2.02.3(1)(c)(i) 2.04.6(1)(a) 2.04.6(1)(b)(i)(C),(D) 2.04.8 2.10.3(1)(g),(h) 2.05.3(4)(a)(ii) 2.06.6(2)(a)(ii) 2.04.6(2)(iii)(C) 4.30.1(2)(d) 30 C.F.R.
776.12(a)(3)(i) 779.14(a) 779.14(b)(1)(iii),(iv) 779.18; 783.18 779.24(i),(j);783.24(i),(j) 780.25(a)(2);784.16(a)(2) 785.17(b)(1)(ii) 783.14(a)(1)(iii) 816.131(b)
In this opinion the terms "consistent with" and "in accordance with" have the meanings set forth in 30 C.F.R. 730.5. In those terms, my conclusion is that the state program, consisting of the State Act and regulations in process of adoption, is no less stringent than, and meets the minimum requirements of, applicable provisions of SMCRA and the regulations thereunder, and that the State Act includes all of the applicable provisions of SMCRA.
Parenthetically, we note that there is litigation pending regarding the constitutionality of various SMCRA provisions and the validity of many of the federal regulations. See,e.g., Virginia Surface Mining andReclamation Ass'n, Inc., et al. v. Cecil D. Andrus, etal., No. 78-0224-B (D. Va. January 3, 1980) and In Re:Permanent Surface Mining Regulation Litigation, Civil Action No. 79-1144 (D.D.C., filed 1979). We express no opinion at this time with regard to the issues involved in any such litigation.
SUMMARY
To briefly summarize my opinion, the Colorado state program has conferred upon the Colorado Department of Natural Resources the legal authority to implement, administer and enforce a state program and to regulate coal exploration and surface coal mining and reclamation operations in accordance with the provisions of SMCRA and consistent with the provisions of 30 C.F.R. chapter VII.
Very truly yours,
 J.D. MacFARLANE Attorney General
MINES AND MINING
COAL
30 U.S.C. § 1201 et seq.
C.R.S. 1973, 34-33-101 et seq.
NATURAL RESOURCES
Open Mining Land Reclam Bd.
Colorado state program for the regulation of surface coal mining satisfactorily meets federal standards and the state is therefore entitled to primacy in such regulatory area.